**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| FAIRFAX COUNTY SCHOOL BOARD,    ) | |
|          ) | |
|     Plaintiff,    ) | |
|          ) | |
| v.    ) | |
|          ) | |
| A.G. BY AND THROUGH HIS PARENTS,    ) | |
| MR. G AND MS. G[1]; AND    ) | |
|          ) | |
| MR. G AND MS. G,    ) | Case No. 21-cv-840 |
|          ) | |
|     Defendants.    ) | |

Serve:
c/o Harold G. Belkowitz
Belkowitz Law, PLLC
10427 North Street, Suite 200
Fairfax, Virginia 22030
*Counsel for Defendants*

**COMPLAINT**

Plaintiff Fairfax County School Board ("School Board"), by counsel, files this

Complaint, on the following grounds:

**Introduction**

The School Board brings this action for reversal of a portion of an administrative hearing

officer decision rendered pursuant to the Individuals with Disabilities Education Act ("IDEA"),

20 U.S.C. § 1415(i)(2). The action concerns the education of a now fifteen-year-old special

education student ("Student"), unilaterally placed by his parents ("Parents") into private schools

---

[1] Unopposed Motion to Proceed Using Pseudonyms is being filed together with this Complaint.

beginning in 2014. Following an administrative hearing constituted under IDEA, a hearing officer denied the majority of Parents' claims and found in favor of FCPS.

The hearing officer did conclude, however, that Fairfax County Public Schools' ("FCPS") actions – purportedly failing to reconvene the Student's IEP team to review a private psychological and educational report of Dr. Michelle Eabon (referred to as an "independent educational evaluation" or "IEE") and to revise the Student's Individualized Education Program ("IEP") to provide a placement location different than South Lakes High School by the end of the FCPS 2020-21 winter break – constituted a denial of a free appropriate public education ("FAPE") under IDEA. The hearing officer therefore ordered FCPS to reimburse Parents for the costs of the Student's placement at his current private school (McLean School) from the end of the 2020-21 winter break through the end of the 2020-21 school year.  Absent an agreement between Defendants and Plaintiff to an IEP and/or placement, the effect of this decision is to continue Defendant's responsibility to fund Mclean School on an open-ended basis until a court orders otherwise.

On numerous grounds, this portion of the hearing officer's decision was error, and should be reversed. Those grounds include, but are not limited to, the following:

First, the hearing officer's decision was incorrect in determining that FCPS allegedly failed to consider the private psychological report of Dr. Eabon in an appropriate amount of time as contemplated under the IDEA, as that determination is not supported by, and contrary to, the evidence.

Second, inasmuch as the Parents' administrative due process hearing complaint did not contend that FCPS had failed to conduct a timely IEP meeting, the hearing officer's decision resting on that rationale fell outside the scope of the administrative complaint.

Third, inasmuch as the hearing officer's decision rests on what he considered FCPS's alleged failure to timely consider the private psychological report of Dr. Eabon with respect to placement, the decision fails to acknowledge that the report does not speak to the Student's ability to receive FAPE based on the size of the school building.

Fourth, the hearing officer's decision that Student's base school—South Lakes High School—could not now be considered an appropriate placement was not supported by the evidence.

Fifth, the hearing officer's decision failed to consider that Student's proposed educational experience would have been virtual through a large portion of the 2020-21 school year, for which the physical size or configuration of SLHS was not a factor.

Sixth, certain of the hearing officer's material factual findings are erroneous – including but not limited to the timeline for evaluation of the private psychological report of Dr. Eabon, and the Student's ability to access FAPE at SLHS – and unsupported by a preponderance of the evidence.

Finally, the School Board should not be responsible for the Student's private tuition from the end of winter break through the end of the school year because the location of Student's private unilateral placement was not appropriate.

For these and those other reasons argued during the administrative hearing, the hearing officer's decision concerning appropriateness of FCPS' proposed placement at SLHS and/or IEP calling for that, and his decision that FCPS was required to fund Defendants' unilaterally-chosen private placement for any period of time, should be reversed.

**Parties**

1.     Plaintiff Fairfax County School Board operates, maintains and supervises the Fairfax County Public Schools ("FCPS"). The School Board is a "Local Educational Agency," as that term is used in the IDEA.

2.     Defendant A.G. ("Student") is a student with disabilities residing in Fairfax County, Virginia. Defendants Mr. G and Ms. G ("Parents") are natural persons who also reside in Fairfax County, Virginia, and are, respectively, the Student's father and mother.

**Jurisdiction and Venue**

3.     This Court has jurisdiction pursuant to the provisions of 20 U.S.C. § 1415(i)(2) and 28 U.S.C. § 1331, in that the School Board is a "party aggrieved" by the final decision of a State Educational Agency pursuant to 20 U.S.C. § 1415(f).

4.     Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b)(1), since the defendants reside within the judicial district encompassed by this Court.

**Substantive Factual Allegations**

5.     Student is the Parents' child. Student is currently fifteen years old, and is (and has been at all times relevant to this action) eligible for special education under the IDEA. According to his most recent determination of eligibility in January 2021, the Student is eligible for special education as a student with Autism, Specific Learning Disability and "Other Health Impairment" on the basis of Attention Deficit Hyperactivity Disorder ("ADHD")

6.     Student began his education in schools operated by the School Board. He was originally found eligible for special education services in 2008; he continued his schooling in FCPS schools through 2011.

7.     For the 2011-12 and roughly the first half of the 2012-13 school year, Parents unilaterally withdrew Student and placed him in a local private, regular education school—Edlin

4

School. While at this private placement, Student did not receive special education services, because Edlin has none.

8.      Early in 2013, Parents moved Student back to FCPS because he was having difficulty at Edlin. FCPS thereafter developed and implemented a new IEP for Student.

9.      Student continued to attend FCPS schools through the summer of 2014, receiving special education services through his IEP.

10.     In the course of Student's education through FCPS, both before and after Parents' unilateral placement, Student's progress reports demonstrated improvement and progress in identified areas of need and on his IEP goals.

11.     In August of 2014, Parents advised FCPS staff about a "change of plans" on their part, and that Student would not be attending FCPS for the 2014-15 school year.

12.     Parents thereafter unilaterally placed Student at another private day school—Oakwood School—from the 2014-15 school year through the 2018-19 one.

13.     For the 2019-20 school year, Parents unilaterally placed Student in a private day school located in Montgomery County, Maryland known as the McLean School ("McLean"). Student continues to attend this school. Parents did not advise FCPS at or before the time they placed the Student at McLean that they would be doing so, nor did they advise that they would be seeking reimbursement for Student's education through this school.

14.     McLean is not a special education school. It does not hold itself out as one; does not have or implement IEPs; and its teachers are not certified special education teachers.  At McLean School, the Student has been taking regular high school academic curriculum and smaller-than regular classes, but with no special education at all.

15.     Parents, through counsel, contacted FCPS in the December of 2019 to obtain Student's educational records. In addition to the request for records, Parents reengaged FCPS with regard to possible special education services for the Student.

16.     In December of 2019, FCPS conducted a reevaluation to revisit the Student's eligibility for special education services. As part of that process, FCPS between January and February 2020 conducted psychological, sociocultural, educational and speech and language assessments of Student, along with an occupational therapy consultation.

17.     On these 2020 assessments, Student's psychological assessment showed below average verbal abilities, but otherwise average cognitive and information processing abilities. The Sociocultural assessment observed that Student struggled in the areas of language arts— specifically reading and writing. The speech and language assessment observed that Student was polite, well-focused, and transitioned easily to testing in an unfamiliar environment. Student's educational evaluation observed average math skills, but weaknesses in reading and writing.

18.     On March 5, 2020, an FCPS eligibility committee determined that Student was eligible for special education services in the areas of Autism and Other Health Impairment based upon ADHD.

19.     Following confirmation of Student's eligibility for special education services, IEP meetings were convened in April and May of 2020 to prepare the Student's IEP amidst the challenging circumstances presented during the COVID-19 shutdown.

20.     The resulting FCPS May 6, 2020 proposed IEP provided goals and accommodations to address Student's difficulties with reading, writing, and verbal skills. For core academic classes, the IEP provided that the Student would be in a small, self-contained classroom with a class size of approximately eight to ten students. Special education electives focused on literacy, executive functioning and social skills would also take place in the small,

self-contained setting with a class size of approximately ten to thirteen students. In such cases, a teacher and instructional assistant would be present in the classroom. For health and PE, Student was to receive individual special education support. Quantitatively, Student would receive 90 hours per month of special education services in the small, self-contained special education setting at South Lakes. For fifteen hours per month, Student would receive special education services within the general education setting. He would receive 2 hours per month of small, self-contained speech language services. Consistent with IDEA's "least restrictive environment" requirements, FCPS members of the IEP team determined that the Student's local regular public high school,  South Lakes High School ("South Lakes") – the school which students in the Student's neighborhood would otherwise attend – could implement the May 6, 2020 proposed IEP, and would be appropriate for him.

21.     Parents noted their disagreement with the May 6, 2020 proposed IEP on May 11, 2020, and stated their intention to enroll Student at McLean School for the 2020-21 school year.

22.     In response to the requests of the Parents, by their counsel, FCPS approved several private evaluations ("IEEs"): psychological, educational, speech and language, and occupational therapy.

23.     The IEP team reconvened on August 19, 2020 to consider the completed speech language and occupational therapy IEEs. The resultant IEP proposal incorporated elements of the IEEs to address Student's strengths, needs, and goals. As to services, owing to the uncertainty of the COVID-19 pandemic, the IEP proposed two frameworks. If in-person instruction was possible, FCPS continued to offer the hours, services, and placement from the May 6, 2020 IEP. If instruction needed to be virtual (as it ultimately was for much of the year due to COVID-19), FCPS offered 21.25 hours per week of small, self-contained special education services, with 2.5 hours per week of special education service in the general education setting. Speech language

services were 1 hour per month. The proposed placement remained South Lakes. Both of the proposals in the August 19, 2020 IEP offered Student an appropriate education in the least restrictive environment.

24.    Parents rejected the August 19, 2020 proposed IEP and placement on October 12, 2020.

25.    The Psychological and Educational IEE was completed on or about September 28, 2020 by Dr. Michelle Eabon. In response to this report, a reevaluation committee including the members of the IEP team convened a month later on October 29, 2020 for reevaluation to consider additional areas of eligibility. Based on a review of the recent private reports, previously completed FCPS testing, and Spring 2020 teacher narratives, FCPS requested additional assessments, including additional psychological testing.

26.    Student participated in further FCPS psychological assessments on December 3, 2020, and January 5, 2021. The resulting psychological evaluation report was dated January 5, 2021.

27.    An eligibility meeting was convened on January 19, 2021 and considered this new information. Student was found eligible for special education services in the additional area of Specific Learning Disability, to which Parents consented.

28.    Following the new eligibility determination, the team met in February 2021 to update the IEP. The resulting February 24, 2021 IEP proposal added additional accommodations, and continued to propose placement and services, be they virtual or in person, at South Lakes. Parents rejected this IEP proposal on March 8, 2021.

**The Due Process Hearing**

29.    Parents filed an administrative due process hearing complaint on or about January 5, 2020 ("Administrative Complaint"). The Administrative Complaint included numerous

claims, but none of them were that FCPS had denied Student FAPE by failing to reconvene an IEP meeting by the end of the 2020-21 winter break to consider the report of Dr. Eabon.

30.     An administrative due process hearing on the Parents' Administrative Complaint was held over the course of five days, from March 2-5 and March 12, 2021. Following closing argument by the parties, the hearing officer issued his decision on April 23, 2021.

31.     In his decision, the hearing officer denied most of Parents' claims, finding that:

   a.   Parents' claims for reimbursement of Oakwood School tuition and other expenses for the 2015-16, 2016-17, 2017-18 and 2018-19 school years were barred by IDEA's two-year limitations period;

   b.   Parents' claim that not earlier identifying the Student as "Learning Disabled", when the Student was already identified under other categories, did not deny FAPE, since appropriateness of a proposed program turns on whether it is individually designed for the Student's needs, not what the student's disability label is;

   c.   FCPS' proposed IEP for the 2020-21 school year – which calls for self-contained instruction for all academics and supported regular class placement only for PE or an elective – was appropriate, in that Parents did not carry their burden of proving the contrary;

   d.   Parents were not entitled to recover tuition for McLean School for the 2019-20 school year, or roughly the first half of the 2020-21 school year.

32.     With respect to the second half of the 2020-21 school year, the hearing officer found that FCPS should have reconvened Student's IEP team to review the private report of Dr. Eabon and revise Student's IEP to provide a placement location different than South Lakes by the end of the 2020-2021 winter break. Determining that FCPS failed to do so, the hearing officer held that FCPS denied Student FAPE. The hearing officer further determined that placement of the Student at South Lakes was not appropriate, at least as of the date his decision, based on his interpretation of the March 3, 2021 testimony—not the September 28, 2020 report—of Dr. Eabon that the Student had ADHD and would be distracted there.  Accordingly, the hearing officer ordered FCPS to fund, or reimburse Parents, for tuition and related expenses for Student's enrollment at McLean from the end of the 2020-21 winter break through the end of

the 2020-21 McLean regular school year. The hearing officer further ordered FCPS to reconvene the IEP team to revise Student's IEP, identifying a different school location to implement Student's IEP for the 2021-22 school year.

### Post-Administrative Hearing Developments

33.     On June 3 and 10, 2021, the IEP team met to discuss an IEP for the Student for the 2021-22 school year. During the course of these two IEP meetings, the team considered, among other things, new observations and teacher evaluations from McLean. Dr. Eabon was invited, but did not attend the meeting.

34.     At the conclusion of the June 3 and June 10, 2021 IEP meetings, the FCPS members of the IEP team—including two school psychologists—proposed an IEP for the Student calling for small, self-contained special education instruction, with multiple accommodations, including, among other things, a flexible schedule, frequent breaks, extended time, small group testing, and use of a word processor. Specifically, the IEP team proposed 90 hours per month of special education in small, self-contained special education classes per month, along with 15 hours per month of special education support in the general education setting. The team proposed 2 hours per month of speech language therapy services in the special education setting.

35.     After considering placement options including general education classes, special education classes, and private day school, the FCPS members of the IEP team concluded that the proposed IEP could be implemented at South Lakes to effectively provide Student FAPE in the least restrictive environment, and proposed South Lakes as placement for the 2021-22 school year. FCPS staff members of the IEP team concluded that the Student's ADHD, or any anxiety, would not prevent him from being able to participate in, and benefit from, the program at South Lakes.  Both the IEP, and staff members, referenced many different accommodations and

strategies which could successfully address these issues for the Student. These included, but are not limited to, receiving instruction in small, structured classes; scheduling his classes so as to allow fewer and smaller transitions; using the special education sub-school for additional opportunities for break spaces; and provide additional transition supports as needed. South Lakes also has a new student introduction program. FCPS members of the IEP team, including the two psychologists present, concluded that neither the Student's ADHD, or any anxiety, would prevent the student from benefiting from the program at South Lakes.

36.    Parents did not agree with FCPS' proposed IEP and placement for the 2021-22 school year. Student continues in the private school placement at McLean. The effect of the hearing officer's decision though ostensibly limited to the second half of the 2020-21 school year, is to continue to operate as the "stay-put" placement location absent agreement of the Parents and FCPS to another placement, or a decision from a court to the contrary.

37.    The portion of the hearing officer's decision requiring that FCPS fund the private McLean School program from the end of winter break 2020-21 should be reversed, for reasons including but not limited to the following, each of which provides an independent basis for doing so:

   a. FCPS did not fail to convene the IEP team in a timely manner following the September 2020 report of Dr. Eabon. The members of the IEP team convened in October 2020 precisely for the purpose of reevaluating Student's eligibility criteria and considered that report. As a result, FCPS requested and Parents consented to additional, including psychological, evaluations. Members of the IEP team received these evaluations, found Student eligible under the category of specific learning disability, and promptly thereafter met to revise the IEP.

   b. The argument that FCPS failed timely to convene an IEP meeting following the receipt of Dr. Eabon's report was not one made in the administrative hearing complaint, nor at the administrative hearing, by Defendants.

   c. The September 2020 report of Dr. Eabon does not, in any event, express opinions concerning the appropriateness of placement of the Student at South Lakes or a school like it.

d.  The preponderance of evidence – including the testimony of Dr. Eabon, who did not participate in any of the IEPs, and did not observe the Student in any educational setting, or observe at South Lakes -- does not support a finding that South Lakes could not provide an appropriate placement.  Furthermore, the Student's degree of ADHD – a condition that hundreds of students who are successfully educated at South Lakes have – and/or any anxiety would not prevent him from successfully participating in the program at South Lakes, particularly with the many accommodations and strategies available at South Lakes to address the needs of students with ADHD and anxiety.

e.  The hearing officer's decision incorrectly couched the placement issue as a contest between the opinions of Dr. Eabon and FCPS psychologist Elizabeth Moriarty Keith.  It was not, as neither had attended the applicable IEP meetings at which placement was addressed, and Ms. Moriarty Keith was not the sole witness who addressed, nor the witness who primarily addressed the appropriateness of the placement for the Student, who included other FCPS witnesses such as Kimberly Shott, who testified in detail about the appropriateness of placement.

f.  The hearing officer's decision regarding denial of FAPE and appropriateness of placement at South Lakes failed to consider the reality of that placement, insofar as Student's instruction for much of the 2020-21 school year would have been in a virtual environment due to COVID-19.

g.  The hearing officer's decision is based in part upon the perceived difficulty of transitioning the Student from smaller private schools to South Lakes, but FCPS was not responsible for placing the Student in the private schools to begin with. Furthermore, in any event, FCPS and South Lakes have numerous strategies and accommodations successfully to transition students from different and/or smaller settings – even home education – to South Lakes, something else the hearing officer did not acknowledge.

h.  The hearing officer's decision that McLean was an appropriate placement was not supported by the evidence because it is not the least restrictive environment.

i.  The School Board incorporates by reference herein all arguments made in its answer, and/or in closing argument, in the administrative hearing.

### Prayer for Relief

WHEREFORE, plaintiff Fairfax County School Board requests this Court:

a.  Receive additional evidence as permitted by 20 U.S.C. 1415 (i)(2)(C)(ii);

b.  Find that FCPS did not deny Student FAPE with respect to the timeliness of an IEP meeting following receipt of the private psychological report of Dr. Eabon;

c.  Find that South Lakes High School is an appropriate placement for Student;

d.  Find that the School Board's IEPs of February 24, 2021 and June 10, 2021, and proposed placement at South Lakes High School, provide an appropriate placement in the least restrictive environment for the Student in compliance with IDEA;

e. Enter an order granting judgment in its favor, and against the Defendants, reversing that portion of the April 23, 2021 decision of the administrative hearing officer requiring FCPS to provide any funding for McLean School or related expenses; and

f. Grant the School Board all other relief as the Court may deem appropriate.

Respectfully submitted,

FAIRFAX COUNTY SCHOOL BOARD

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
(703) 691-3913 (facsimile)

By:    /s/ Ian J. McElhaney
       John F. Cafferky, VSB No. 26179
       jcafferky@bklawva.com
       Ian J. McElhaney, VSB No. 94888
       imcelhaney@bklawva.com
       *Counsel for Plaintiff Fairfax County School Board*

Date: July 19, 2021